UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MACO SERVICE, INC d/b/a<br>MAJOR APPLIANCE SERVICES | CIVIL ACTION |
| VERSUS | No. 06-8117 |
| ALLSTATE INSURANCE COMPANY<br>AND DON ADOUE AGENCY, INC. | SECTION "C" |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiff Maco Services, Inc d/b/a Major Appliance Services ("Maco") (Rec. Doc. 7), in which it claims that its insurance agent, the Don Adoue Agency, Inc. ("Adoue"), was not fraudulently joined. The defendant, Allstate Insurance Company ("Allstate") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that Maco's Motion to Remand is **GRANTED** and the request for attorneys fees and costs is **DENIED**.

**I. BACKGROUND**

Maco owns the property located at 4472 Pontchartrain Drive, Slidell, Louisiana. In 1997, it obtained an insurance policy from Allstate through Adoue, a Louisiana insurance agency. It continuously renewed it policy through the 2004-2005 term and Allstate claims that the policy remained substantially unchanged. Maco asserts that it periodically requested that

Adoue review its coverage and increase it if necessary.

Hurricane Katrina caused damage to Maco's property. After the storm, Maco discovered that it did not have the coverage that it believed was provided by its insurance policy. Maco instituted this suit in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana on August 28, 2006 against Allstate and Adoue seeking redress for its damages. Allstate removed the action to this Court, alleging diversity jurisdiction. Maco filed this motion to remand asserting that this Court lacks subject matter jurisdiction and requesting that it be awarded costs and attorneys fees associated with removal. Specifically, it claims that Adoue, a Louisiana resident, was not fraudulently joined to the action.

## II. ANALYSIS

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder,

the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

    A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545). This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Allstate Corp*., 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .") A

"mere theoretical possibility of recovery" does not preclude a finding of improper joinder. *Id.*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

In its Notice of Removal (Rec. Doc. 1), Allstate claims that the Louisiana defendant, Adoue was fraudulently joined so as to defeat removal. Specifically, Allstate claims that Maco cannot allege any set of facts which would entitled it to relief from its insurance agent, Adoue. According to Allstate, any claims against Adoue are perempted and Adoue did not owe a duty to Maco. Allstate also argues that any claims against Adoue are not related to Maco's claims against Allstate.

Maco disagrees. It asserts that Adoue was not fraudulently joined. It argues that the allegations against Adoue in its state court petition allege a cause of action against the insurance agent under Louisiana law. Specifically, Maco claims that Adoue breached a duty to properly advise it on its insurance coverage. It alleges that it would periodically "request defendant Adoue to review the coverage and to increase it if necessary." See, Rec. Doc. 7. Furthermore, Maco claims that it asked Adoue for correct information by reviewing the policy coverages and

that he did not provide correct information.  See, Rec. Doc. 11.

### 1. PEREMPTION

Allstate alleges that the claims against Adoue are perempted under Louisiana Revised Statute § 9:5606.[1]  It claims that Maco purchased the insurance policy in question through Adoue in 1997 and continuously renewed it through the policy period of October 16, 2004 to October 16, 2005.  Allstate alleges that the renewal policies were substantially similar to the original policy issued in 1997.  See, Rec. Doc. 10.  As a result, Allstate argues that the renewals of the insurance policy did not constitute issuances of the policy.  Thus, it asserts that the three year peremption period of Louisiana Revised Statute § 9:5606 started running at the initial issuance of the policy and was never restarted.

In general, renewals of insurance policies do not operate to restart peremption.  *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)).  However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages.  *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182, 04-282 (La. App. 5 Cir. 10/26/04).  The inquiry is whether the actions of the

---

[1] Louisiana Revised Statute § 9:5606 provides in relevant part:
A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one  year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

insurance agents at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

Here, the Court finds that Allstate has not met its burden to establish that there is no reasonable basis to determine that the October 16, 2004 renewal did not constitute an act that was separate and distinct from the original purchase of the insurance policy. Maco alleges that it periodically discussed its policy with Adoue and that the policies had one year periods. It is reasonable to assume that these "periodic" discussion coincided with policy renewals. Thus, there is a reasonable possibility under Louisiana law that Maco's claims against Adoue are not perempted by the three year period provided in Louisiana Revised Statute § 9:5606.

Louisiana Revised Statute § 9:5606 also provides for a one year peremptive period. Maco filed suit on August 28, 2006. It claims that it did not actually know about the alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005, when Allstate denied its claims. These dates show that Maco filed suit within one year of when it actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when Maco should have discovered the alleged actions, omissions or neglect. Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)). Maco alleges that it relied on Adoue to provide it with adequate insurance coverage. See, Rec. Doc. 1. Arguably, Maco could have discovered any gaps in its insurance coverage by carefully reading the policy. At the same time, without further factual development, the Court cannot determine whether Maco was

6

lulled into complacency by representations made by Adoue.  The facts may disclose that Maco's reliance was well-founded, regardless of the actual language of the policy, and that Maco therefore is excused from its failure to discover the problem earlier.

## 2. FIDUCIARY DUTY

Allstate also claims that Adoue is improperly joined because he did not owe a fiduciary duty to Maco.  Allstate argues that insurance agents do not have a duty to independently advise their clients about the availability or desirability of certain insurance coverages

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested.  *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)).  If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.*  However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client.  *Id.* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).

Maco suggests that Adoue induced its assumption that it had the desired insurance coverage, when it actually did not.  In its complaint, Maco alleges that Adoue did not procure "adequate," i.e. the desired amount of, insurance coverage. See, Rec. Doc. 1.  Furthermore, it alleges that Adoue did not notify the it that he had failed in procuring "adequate coverage."  This failure, may have caused Maco to assume that it had the desired amount of coverage.  Thus,

7

these allegations are sufficient to suggest that Adoue may have breached a duty that he owed to Maco.  Accordingly, the Court find that Allstate has not established that there is no reasonable basis for Maco's claims against Adoue.

### 3. Misjoinder of Parties

Alternatively, Allstate claims that Adoue were improperly joined because the causes of action against him are not related to those against Allstate.  In a similar case, *Southern Athletic Club*, Judge Lemmon relied on *Radlauer v. Great Northern Inc. Co.*, 2006 WL 1560791 (E.D.La. 2006) to find that there was no fraudulent joinder.  *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *4 (E.D.La. 2006).  Those cases both had only one plaintiff who was suing an insurance company, one adjustor and the insurance agent. Each court found that there was a real connection between the claims and the parties, because the plaintiff sought recovery for the same injury.

This Court agrees with those decisions and finds that they are applicable to the case at bar.  Here, the Maco is suing the insurance company and its insurance agent.  All of the claims arise out of the same injury, i.e. its insurance coverage or lack thereof.   Therefore, Adoue is not fraudulently misjoined and diversity jurisdiction is lacking.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Maco's Motion to Remand is hereby **GRANTED AND**  The motion is **DENIED** with respect to Maco's request for costs and attorneys fees.

New Orleans, Louisiana this ___18th___ day of December, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE